UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| USI INSURANCE SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CV423-054 |
| ASHLEY L. TILLMAN and H. FRANK GARRISON, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff USI Insurance Services, LLC has filed an Amended Motion for Leave to File Certain Summary Judgment Evidence Under Seal, doc. 84, and a Motion for Leave to File Response to Defendants' Statement of Facts Under Seal, doc. 90. Plaintiff has also submitted the material for the Court's *in camera* review pursuant to Local Rule 79.7. Defendants have not opposed either Motion.[1] *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [fourteen days] shall indicate that there is no opposition to a motion."). However, the Court still must determine whether sealing is appropriate, since "the parties to a lawsuit

---

[1] The Local Rules provide that, "[w]here practical, parties should indicate whether a motion is unopposed." S.D. Ga. L. Civ. R. 7.1(b).

1

lack the authority to determine which documents outweigh the public's common law right of access." *Usry v. EquityExperts.org, LLC*, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).

Plaintiff seeks leave to file under seal unredacted copies of its Motion for Partial Summary Judgment and accompanying Memorandum of Law and Statement of Undisputed Material Facts. Doc. 84 at 1; *see also* docs. 78-1 & 78-2 (redacted copies filed on the public docket). It also seeks leave to file under seal the transcripts of the depositions of Homer Frank Garrison (Volumes I and II), Ashley L. Tillman, John E. Cay, IV (both individually and as the Rule 30(b)(6) representative of Palmer & Cay), Cynthia Bookout, Pamela Brinck, Brian McNulty (individually and as the Rule 30(b)(6) representative of USI Insurance Services, LLC), Brenda Sandonato (individually and as the Rule 30(b)(6) representative of USI Insurance Services, LLC), and Jason Knost, and the declaration of John H. Elliot. Doc. 84 at 1-2. Finally, it seeks leave to file under seal an unredacted copy of its Response to Defendants' Joint Statement of Undisputed Material Facts. Doc. 90; *see also* doc. 89-1 (redacted copy filed on the public docket).

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356,

3

1363 (11th Cir. 2021) (internal citation and quotations omitted). Plaintiff's Motion for Partial Summary Judgment and supporting documents are all judicial records.

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound

discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Plaintiff still cites to the parties' Stipulated Protective Order to support the sealing request, arguing that the material it seeks to seal has been designated as confidential under the terms of that agreement. *See* doc. 84 at 2; doc. 84-1 at 25-26. The Court previously explained, *see* doc. 83 at 5, that invoking the parties' agreement is insufficient, since they "do not have the right to agree to seal what were public records." *Wilson*, 759 F.2d at 1571; *see also In re Est. of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002) ("calling a document confidential does not make it so in the eyes of the court"). However, Plaintiff's renewed motion also contains additional information to support its argument that some of the material contains confidential business information of both Plaintiff and non-party Palmer & Cay, LLC. Doc. 84 at 2.

As the Eleventh Circuit recognized in *Callahan*, a party's concerns about trade secrets or other proprietary information can constitute good cause to overcome the presumption of public access. *Callahan*, 17 F.4th at 1363. Plaintiff argues "[t]he business information relating to USI and its clients that USI seeks to seal is highly confidential in the insurance brokerage industry, and it would be harmful if this type of confidential information about USI's clients were to be made public and available to USI's competitors." Doc. 84-1 at 26-27. Because Plaintiff has shown good cause for some of the materials, but not others, the Court will analyze each document separately.

**1. Transcript of Deposition of Homer Frank Garrison, Vol. I**

Plaintiff identifies portions of Volume I of the Deposition of Homer Frank Garrison (Garrison Vol. I), including Exhibits, that contain confidential and sensitive business information. See doc. 84-1 at 2-6. However, Plaintiff also identifies portions of Garrison Vol. I that contains information produced by others that has been designated confidential under the governing Protective Order. *Id.* As explained above, Plaintiff's invocation of the Protective Order, without more, is not sufficient for the reasons articulated above, and in the Court's prior Order. Plaintiff has

not shown good cause for the information marked confidential by others on which it "takes no position" as to whether it "contains actual confidential information," or which it "contends . . . does not contain actual confidential information." See doc. 84-1 at 3-4, 5. Therefore, only some of the identified information is appropriately sealed. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of Volume I of the Deposition of Homer Frank Garrison redacting only the following, which it has shown good cause to seal:

- The portion of Garrison Vol. I, Exhibit 1 identified as USI 000584.
- Garrison Vol. I at 45:13-46:4.
- The portion of Garrison Vol. I, Exhibit 3 containing "the dollar amount of new business USI Employee Benefits Producers are responsible for booking each year." See doc. 84-1 at 3.
- Garrison Vol. I at 63:13-65:7.
- Garrison Vol. I, Exhibit 48.
- Garrison Vol. I at 311:15-318:12.
- Garrison Vol. I, Exhibit 54.
- Garrison Vol. I at 238:21-241:9.

- The portions of Garrison Vol I, Exhibit 58 containing "the identities of certain USI clients and the names of the decisionmakers." Doc. 84-1 at 3.

- Garrison Vol. I at 69:2-70:16.

- Garrison Vol. I at 31:21-39:12, 78:22-82:2, 97:1-7. 174:10-175:2, 183:19-208:13, 222:10-223:12, 258:1-19.

- Garrison Vol. I, Exhibit 28

- Garrison Vol. I at 144:7-150:23, 155:6-157:15, 160:11-20.

- Garrison Vol. I, Exhibit 52A.

- Garrison Vol. I, Exhibit 52B.

**2. Transcript of Deposition of Homer Frank Garrison, Vol. II**

For the same reasons articulated above for Volume I of Mr. Garrison's deposition, Plaintiff has only shown good cause to seal some of the information contained within Volume II of the Deposition of Homer Frank Garrison (Garrison Vol. II). In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of Volume II of the Deposition of Homer Frank Garrison redacting only the following, which it has shown good cause to seal:

- Garrison Vol. II, Exhibit 48.

- Garrison Vol. II at 311:15-318:12.

### 3. Transcript of Deposition of Ashley L. Tillman

For the same reasons articulated above, Plaintiff has only shown good cause to seal some of the information contained within the Deposition of Ashley L. Tillman (Tillman Deposition). As before, it has not shown good cause to seal items, marked as confidential by others, on which it "takes no position" as to whether it contains confidential information. *See* doc. 84-1 at 7-9. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the Tillman Deposition redacting only the following, which it has shown good cause to seal:

- The portion of Tillman Deposition, Exhibit 2, identified as "Schedule A" and marked as USI 000332-USI 000333.
- Tillman Deposition, Exhibit 54.
- Tillman Deposition, Exhibit 55.
- Tillman Deposition at 65:5-70:23, 144:17-147:21.
- Tillman Deposition, Exhibit 80.
- Tillman Deposition at 263:4-287:21.
- The portion of Tillman Deposition, Exhibit 90, identified as "Schedule A" and marked as P&C SUBPOENA 0456-P&C

SUBPOENA 0457.

- Tillman Deposition at 35:11-16, 55:1-14, 92:12-96:5, 118:24-119:5, 124:1-16, 170:21-24, 240:6-19, 242:4-9, 245:7-263:3, 300:22-301:8.
- Tillman Deposition, Exhibit 92.
- Tillman Deposition, Exhibit 93.
- Tillman Exhibit 53A.
- Tillman Exhibit 53B.

### 4. Transcript of Deposition of John E. Cay, IV

For the same reasons articulated above, Plaintiff has only shown good cause to seal some of the information contained within the Deposition of John E. Cay, IV (Cay Deposition). As before, it has not shown good cause to seal items, marked as confidential by others, on which it "takes no position" as to whether it contains confidential information. *See* doc. 84-1 at 9-15. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the Cay Deposition redacting only the following, which it has shown good cause to seal:

- The portion of Cay Deposition, Exhibit 1, identified as USI 000584.

10

- The portion of Cay Deposition, Exhibit 2, identified as "Schedule A" and marked as USI 000332-USI 000333.
- Cay Deposition, Exhibit 108.
- Cay Deposition at 83:21-92:13. 190:21-197:22.
- The portion of Cay Deposition, Exhibit 112, identified as "Schedule A" and marked as P&C SUBPOENA 0456-P&C SUBPOENA 0457.
- Cay Deposition, Exhibit 113.
- Cay Deposition at 132:1-133:24.
- Cay Deposition at 42:21-49:24, 77:6-9, 199:7-25, 201:25-202:18, 243:20-23, 254:20-263:14, 309:4-317:18.
- Cay Deposition, Exhibit 28.
- Cay Deposition at 147:11-155:21.
- Cay Deposition, Exhibit 92.
- Cay Deposition at 124:20-125:21.
- Cay Deposition, Exhibit 93.
- Cay Deposition at 184:25-187:18.
- Cay Deposition, Exhibit 110.
- Cay Deposition at 113:3-114:20.

- Cay Deposition, Exhibit 111.
- Cay Deposition at 117:24-118:19.
- Cay Deposition, Exhibit 160.
- Cay Deposition at 99:3-103:24.
- Cay Deposition, Exhibit 161.
- Cay Deposition at 289:21-299:3.
- Cay Deposition, Exhibit 162.
- Cay Deposition, Exhibit 163.
- Cay Deposition at 299:4-301:6.
- Cay Deposition, Exhibit 164.
- Cay Deposition at 301:8-303:14.
- Cay Deposition at 34:7-35:15, 307:5-308:24.
- Cay Deposition, Exhibit 52C.
- Cay Deposition, Exhibit 53C.

**5. Transcript of Deposition of Cynthia Bookout**

For the same reasons articulated above, Plaintiff has only shown good cause to seal some of the information contained within the Deposition of Cynthia Bookout (Bookout Deposition). As before, it has not shown good cause to seal items, marked as confidential by others, on which it "takes

no position" as to whether it contains confidential information. *See* doc. 84-1 at 16-17. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the Bookout Deposition redacting only the following, which it has shown good cause to seal:

- Bookout Deposition, Exhibit P-14.
- Bookout Deposition at 155:4-13.
- Bookout Deposition, Exhibit P-20.
- Bookout Deposition at 176:10-178:14.
- Bookout Deposition, Exhibit P-3.
- Bookout Deposition, Exhibit P-4.

**6. Transcript of Deposition of Pamela Brinck**

For the same reasons articulated above, Plaintiff has only shown good cause to seal some of the information contained within the Deposition of Pamela Brinck (Brinck Deposition). As before, it has not shown good cause to seal items, marked as confidential by others, on which it takes no position as to whether it contains confidential information, or disagrees with the other party's assertion of confidentiality. See doc. 84-1 at 17-18. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the Brinck Deposition redacting only the

following, which it has shown good cause to seal:

- Brinck Deposition, Exhibit P-15.
- Brinck Deposition at 141:6-147:7.
- Brinck Deposition, Exhibit P-13.
- Brinck Deposition at 116:23-141:5.
- Brinck Deposition, Exhibit P-14.
- Brinck Deposition at 131:22-141:5.

### 7. Transcript of Deposition of Brian McNulty

For the same reasons articulated above, Plaintiff has only shown good cause to seal some of the information contained within the Deposition of Brian McNulty (McNulty Deposition). As before, it has not shown good cause to seal items, marked as confidential by others, on which it takes no position as to whether it contains confidential information. *See* doc. 84-1 at 20. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the McNulty Deposition redacting only the following, which it has shown good cause to seal:

- McNulty Deposition, Exhibit D-6.
- McNulty Deposition at 63:14-68:1.
- McNulty Deposition, Exhibit D-8.

- McNulty Deposition, Exhibit D-10.

- McNulty Deposition, Exhibit D-11.

- McNulty Deposition at 112:8-117:16.

- McNulty Deposition, Exhibit D-12.

- McNulty Deposition at 134:7-138:3.

- The portion of McNulty Deposition, Exhibit D-13, containing "the dollar amount of new business USI Employee Benefits Producers are responsible for booking each year." *See* doc. 84-1 at 19.

- McNulty Deposition, Exhibit D-14.

- McNulty Deposition at 141:23-144:8.

- McNulty Deposition, Exhibit D-15.

- McNulty Deposition at 144:10-148:5.

- McNulty Deposition, Exhibit D-16.

- McNulty Deposition at 148:6-152:1.

- McNulty Deposition, Exhibit D-17.

- McNulty Deposition at 152:2-156:23.

- McNulty Deposition, Exhibit D-18.

- McNulty Deposition at 156:24-157:20.

### 8. Transcript of Deposition of Brenda Sandonato

Plaintiff has shown good cause to seal portions of the Deposition of Brenda Sandonato (Sandonato Deposition). *See* doc. 84-1 at 21-23. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the Sandonato Deposition redacting the information it identified as confidential, sensitive, or proprietary business information. *See id.*

### 9. Transcript of Deposition of Jason Knost

Plaintiff has shown good cause to seal portions of the Deposition of Jason Knost (Knost Deposition). *See* doc. 84-1 at 23. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the Knost Deposition redacting the information it identified as confidential, sensitive, or proprietary business information. *See id.*

### 10. Declaration of John H. Elliott

For the same reasons articulated above, Plaintiff has only shown good cause to seal some of the information contained within the Declaration of John H. Elliott (Elliott Declaration). As before, it has not shown good cause to seal items, marked as confidential by others, on which it takes

no position as to whether it contains confidential information. *See* doc. 84-1 at 24. In compliance with the timing outlined below, Plaintiff is **DIRECTED** to file a copy of the Elliott Declaration redacting only Exhibit 2. *See id.*

Because Plaintiff has articulated good cause to seal some, but not all, of the information contained within the identified documents, its Motion to Seal is **GRANTED, IN PART** and **DENIED, IN PART**. Doc. 84. Plaintiff is **DIRECTED**, within **SEVEN DAYS** from the date of this Order, to file redacted versions of the documents as directed above. Upon compliance with that direction, the Clerk is **DIRECTED** to permit the filing of the redacted documents and to maintain the unredacted versions **UNDER SEAL** pending further order of the Court. If Plaintiff chooses not to submit an exhibit based on the Court's partial denial of its Motion to Seal, it must so notify the Court within the same seven-day period.

Additionally, Plaintiff has shown good cause to maintain the redacted versions of its Memorandum in Support of its Motion, doc. 78-1, Statement of Material Facts, doc. 78-2, and Response to Defendants' Statement of Material Facts, doc. 89-1, on the public docket. The Clerk is **DIRECTED** to file the unredacted versions **UNDER SEAL** and

maintain them under seal pending further order of the Court.  Plaintiff's Motion to Seal its Response to Defendants' Statement of Facts is, therefore, **GRANTED**.  Doc. 90.

**SO ORDERED**, this 27th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA