UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| USI INSURANCE SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV423-054 |
| ASHLEY L. TILLMAN and H. FRANK GARRISON, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendants Ashley Tillman and Frank Garrison have filed a Motion for Leave to File Documents Under Seal. Doc. 127. They seek leave to file two documents under seal in connection with their Motion to Strike and Exclude from Trial the Report and Testimony of USI Services LLC's Proposed Expert Witness Robert Sly's Opinion on Market Value of Lost Accounts, doc. 126. *See* doc. 126 at 1. Defendants have submitted the two documents for the Court's *in camera* review pursuant to Local Rule 79.7. Plaintiff has not opposed the Motion. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [fourteen days] shall indicate that there is no opposition to a motion."). However, the Court still must determine whether sealing is appropriate, since "the parties to

1

a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." *Usry v. EquityExperts.org, LLC*, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)). For the following reasons, the Motion is **GRANTED**. Doc. 127.

Defendants seek leave to file under seal an unredacted copy of their Brief in Support of Motion to Strike and Exclude from Trial the Report and Testimony of USI Insurance Services LLC's Proposed Expert Witness Robert Sly's Opinion on Market Value of Lost Accounts (the "Brief"). Doc. 127 at 1; *see also* doc. 127-1; doc. 126-1 (redacted copy of the Brief filed on the public docket). They also seek leave to file under seal the transcript, including exhibits, of the Deposition of Robert Sly. Doc. 127 at 1; doc. 127-1 at 1. The basis for the request is that both documents contain information that Plaintiff has designated as either "Confidential" or "Attorney's Eyes Only" pursuant to the parties' Stipulated Protective Order. Doc. 127-1 at 1. Defendants are clear that they "take no position as to whether [Plaintiff's] designations are valid," but nevertheless seek leave to file them under seal to comply with their obligations under the Protective Order.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).  "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245.  The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356,

1363 (11th Cir. 2021) (internal citation and quotations omitted). Defendants' Motion to Exclude and supporting documents are all judicial records.

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound

discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Although Defendants indicate they are filing their motion because Plaintiff marked the information as confidential under the governing Protective Order, they do not rely solely on the terms of the Protective Order to justify their sealing request. *See* doc. 127-1 at 2-6. Instead, they correctly recite the governing standard, *id.* at 5-6, point to specific information contained in their Brief that includes "confidential business information regarding [Plaintiff's] alleged damages . . . and client revenue," *id.* at 2, and identify multiple portions of Robert Sly's deposition transcript and exhibits which contain Plaintiff's sensitive business and financial information, *id.* at 2-5. They also cite to case law to support sealing this information which is considered "highly confidential in the insurance brokerage industry," and argue that, if it were publicly available, it would be harmful to Plaintiff. *Id.* at 6.

5

Defendants have demonstrated good cause to keep the information under seal. Their Motion is, therefore, **GRANTED**. Doc. 127. The Clerk is **DIRECTED** to file the unredacted version of Defendants' Brief, doc. 126-1, **UNDER SEAL** and maintain it under seal pending further order of the Court. The Clerk is further **DIRECTED** to file the transcript, including exhibits, of the Deposition of Robert S. Sly, Jr. **UNDER SEAL**, as an attachment to Defendants' Motion to Strike and Exclude from Trial the Report and Testimony of USI Insurance Services LLC's Proposed Expert Witness Robert Sly's Opinion on Market Value of Lost Accounts, doc. 126, and maintain it under seal pending further order of the Court.

**SO ORDERED**, this 18th day of September, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA